UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORD,<br><br>       Plaintiff,<br><br>    v.<br><br>AVENAL STATE PRISON, et al.,<br><br>       Defendants. | 1:16-cv-01425-EPG (PC)<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND<br>(ECF NO. 1)<br><br>THIRTY DAY DEADLINE TO FILE AMENDED COMPLAINT |

      Charles Ford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983, which includes state law claims. Plaintiff filed the complaint commencing this action on September 26, 2016. (ECF No. 1). The complaint is now before this Court for screening.

      On October 3, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 5), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

      The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted. Neither party that Plaintiff lists as a defendant is actually mentioned in the facts section of Plaintiff's complaint. Additionally, it appears that Plaintiff only listed two supervisors as defendants, although he failed to allege sufficient facts to establish liability for either supervisor. Finally, as to Plaintiff's state law tort claims, Plaintiff failed to allege

///

///

compliance with California's Government Claims Act.[1]  Accordingly, the Court will dismiss this complaint and give Plaintiff leave to file an amended complaint addressing the issues described below.

## I.  SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

---

[1] This Act was formerly known as the California Tort Claims Act. City of Stockton v. Superior Court, 42 Cal. 4th 730, 741-42 (Cal. 2007) (adopting the practice of using Government Claims Act rather than California Tort Claims Act).

*pro se* complaints should continue to be liberally construed after Iqbal).

**II.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

In 2006, Plaintiff was housed at Avenal State Prison. When Plaintiff was placed at Avenel State Prison he was in good health. It was at this time that Plaintiff caught Valley Fever, which was an epidemic in Central Valley prisons at the time. Certain races are vulnerable to Valley Fever, including African Americans.

Initially Plaintiff contacted staff to complain about pains in his joints, and tiredness. Eventually, an institutional ambulance was called for Plaintiff. When medical staff arrived, they decided that Plaintiff did not need an ambulance.

Plaintiff notified "staff (ambulance)" that he needed to go to the infirmary. Plaintiff was not taken to the infirmary. He believes it was because medical staff initially thought inmates were complaining a lot, when in fact there was a very serious contagious disease that was going around. He also believes it was because the ambulance crew was white and did not catch the virus, and thus they did not think that Plaintiff was telling the truth.

Eventually, Plaintiff was taken to the infirmary. The doctor told Plaintiff that he was lucky that he came forward when he did, because if he had waited his condition would have been severely threatening. Plaintiff was tested, and was later prescribed "fluconazole" for suppression.

From 2006-2011 Plaintiff asked annually to be transferred away from the Valley Fever area. The classification committee never moved Plaintiff. Plaintiff believes that the classification committee deliberately housed Plaintiff in the Valley Fever area because of racial profiling. If the classification committee sent all infected inmates to safe institutions, the Department of Corrections and Rehabilitation "would have to replace their 'racially balanced inmate numbers….'" Instead, they decided to keep Plaintiff in the infected area.

To this day Plaintiff has chronic pains, a rash on his skin, and tiredness.

The only two defendants that Plaintiff lists are the Warden at Avenal State Prison and the Chief of Medical Staff at Avenal State Prison.

///

### III.  ANALYSIS OF PLAINTIFF'S CLAIMS

### A.  Section 1983 Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause."

Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others." Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

### B. Deliberate Indifference to Serious Medical Needs (Eighth Amendment)

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d

1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted). Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is insufficient to establish an Eighth Amendment violation. Farmer v. Brennan, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Toguchi, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106.

Plaintiff does not describe how any particular defendant was deliberately indifferent to his serious medical needs. In fact, Plaintiff alleges that he received treatment. Additionally, as to the medical staff (none of whom were named as defendants), Plaintiff appears to allege that they did not believe that Plaintiff had a serious medical need (Plaintiff alleges that the medical facilitators thought the inmates were "over complaining," and that they did not realize that "a very contagious disease was in effect"). If the medical facilitators did not know that Plaintiff had a serious medical need, then under the standards laid out above, they could not have been deliberately indifferent to Plaintiff's serious medical needs.

Accordingly, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. If Plaintiff chooses to amend his complaint, he needs to name specific persons he contends were deliberately indifferent to his

serious medical needs. As to each of those defendants, he needs to allege what they knew and what they did or failed to do to address his medical needs.

### C. The Equal Protection Clause (Fourteenth Amendment)

The Equal Protection Clause requires that persons who are similarly situated be treated alike. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439(1985); Hartmann v. California Dep't of Corr. & Rehab., 707 F.3d 1114, 1123 (9th Cir. 2013); Furnace v. Sullivan, 705 F.3d 1021, 1030 (9th Cir. 2013); Shakur v. Schriro, 514 F.3d 878, 891 (9th Cir. 2008). To state a claim, Plaintiff must show that defendants intentionally discriminated against him based on his membership in a protected class. Hartmann, 707 F.3d at 1123; Furnace, 705 F.3d at 1030; Serrano v. Francis, 345 F.3d 1071, 1082 (9th Cir. 2003); Thornton v. City of St. Helens, 425 F.3d 1158, 1166-67 (9th Cir. 2005); Lee v. City of Los Angeles, 250 F.3d 668, 686 (9th Cir. 2001). To establish a violation of the Equal Protection Clause, the prisoner must also present evidence of discriminatory intent. See Washington v. Davis, 426 U.S. 229, 239-240 (1976); Serrano, 345 F.3d at 1081-82; Freeman v. Arpio, 125 F.3d 732, 737 (9th Cir. 1997).

Plaintiff has failed to state a claim under the equal protection clause. Plaintiff's complaint makes conclusory allegations that certain parties discriminated against Plaintiff because he is an African American. Plaintiff has alleged no facts that support this conclusion. Additionally, it does not appear that Plaintiff named any specific person who he contends discriminated against Plaintiff. If Plaintiff chooses to amend his complaint, he needs to name as defendants the individuals who discriminated against him, and he needs to allege facts that show that *each* defendant had a discriminatory intent.

### D. Conditions of Confinement (Eighth Amendment)

"It is undisputed that the treatment a prisoner receives in prison and the conditions under which [the prisoner] is confined are subject to scrutiny under the Eighth Amendment." Helling v. McKinney, 509 U.S. 25, 31 (1993); see also Farmer v. Brennan, 511 U.S. 825, 832 (1994). Conditions of confinement may, consistent with the Constitution, be restrictive and harsh. See Rhodes v. Chapman, 452 U.S. 337, 347 (1981); Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006); Osolinski v. Kane, 92 F.3d 934, 937 (9th Cir. 1996); Jordan v.

Gardner, 986 F.2d 1521, 1531 (9th Cir. 1993) (*en banc*).  Prison officials must, however, provide prisoners with "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472 (1995); see also Johnson v. Lewis, 217 F.3d 726, 731 (9th Cir. 2000); Hoptowit v. Ray, 682 F.2d 1237, 1246 (9th Cir. 1982); Wright v. Rushen, 642 F.2d 1129, 1132-33 (9th Cir. 1981).

When determining whether the conditions of confinement meet the objective prong of the Eighth Amendment analysis, the Court must analyze each condition separately to determine whether that specific condition violates the Eighth Amendment.  See Toussaint, 801 F.2d at 1107; Hoptowit, 682 F.2d at 1246-47; Wright, 642 F.2d at 1133.  However, "[*s*]*ome* conditions of confinement may establish an Eighth Amendment violation 'in combination' when each would not do so alone, but only when they have a mutually enforcing effect that produces the deprivation of a single, identifiable human need such as food, warmth, or exercise—for example, a low cell temperature at night combined with a failure to issue blankets." Wilson v. Seiter, 501 U.S. 294, 304 (1991); see also Thomas v. Ponder, 611 F.3d 1144, 1151 (9th Cir. 2010); Osolinski, 92 F.3d at 938-39; Toussaint, 801 F.2d at 1107; Wright, 642 F.2d at 1133. When considering the conditions of confinement, the Court should also consider the amount of time to which the prisoner was subjected to the condition.  See Hutto v. Finney, 437 U.S. 678, 686-87 (1978); Hearns v. Terhune, 413 F.3d 1036, 1042 (9th Cir. 2005); Hoptowit, 682 F.2d at 1258.

As to the subjective prong of the Eighth Amendment analysis, prisoners must establish prison officials' "deliberate indifference" to unconstitutional conditions of confinement to establish an Eighth Amendment violation.  See Farmer, 511 U.S. at 834; Wilson, 501 U.S. at 303.

Plaintiff does not describe how any particular defendant was responsible for subjecting Plaintiff to unconstitutional conditions of confinement.  Accordingly, Plaintiff has failed to state a claim for violation of the Eighth Amendment based on conditions of confinement.  If Plaintiff chooses to amend his complaint, Plaintiff needs to name as defendants the individuals

who were responsible for subjecting Plaintiff to unconstitutional conditions of confinement. He also needs to allege facts showing how *each* defendant was responsible for the constitutional violation. For example, Plaintiff should explain who was responsible for the decision to send him to Avenal, who was responsible for the decision to keep him at Avenal, who had the authority to transfer Plaintiff from Avenal, what each defendant knew regarding Plaintiff's situation, and what each defendant knew regarding the dangers of Valley Fever.

### E. State Law Claims

Plaintiff states several state law tort claims, including negligence, personal injury, and malpractice. Plaintiff has failed to state any state law tort claims. California's Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board, formerly known as the State Board of Control, no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. State v. Superior Court of Kings County (Bodde), 32 Cal.4th 1234, 1245 (Cal. 2004); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Bodde, 32 Cal.4th at 1245; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff failed to allege facts demonstrating compliance with California's Government Claims Act, and therefore fails to state a tort claim under state law.

## IV. CONCLUSION

The Court finds that Plaintiff's complaint fails to state any cognizable claim upon which relief may be granted. The Court will dismiss this complaint and give Plaintiff leave to file an amended complaint addressing the issues described above.

Under Rule 15(a)(2) of the Federal Rules of Civil Procedure, "the court should freely give leave [to amend] when justice so requires." Accordingly, the Court will provide Plaintiff with time to file an amended complaint curing the deficiencies identified above. Lopez v. Smith, 203 F.3d 1122, 1126-30 (9th Cir. 2000). Plaintiff is granted leave to file an amended

complaint within thirty days if he chooses to do so.

The amended complaint must allege constitutional violations under the law as discussed above. Specifically, Plaintiff must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Fed. R. Civ. P. 8(a); Iqbal, 556 U.S. at 678; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Plaintiff should note that although he has been given the opportunity to amend, it is not for the purpose of changing the nature of this suit or adding unrelated claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff is advised that an amended complaint supersedes the original complaint, Lacey v. Maricopa County, 693 F 3d. 896, 907 n.1 (9th Cir. 2012) (*en banc*), and it must be complete in itself without reference to the prior or superseded pleading, Local Rule 220. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. The amended complaint should be clearly and boldly titled "First Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

Based on the foregoing, it is **HEREBY ORDERED** that:

1. Plaintiff's complaint is DISMISSED for failure to state a claim, with leave to amend;
2. The Clerk's Office is directed to send Plaintiff a civil rights complaint form;
3. Plaintiff may file a First Amended Complaint curing the deficiencies identified by the Court in this order if he believes additional true factual allegations would state a claim, within **thirty (30) days** from the date of service of this order;
4. If Plaintiff chooses to file an amended complaint, Plaintiff shall caption the amended complaint "First Amended Complaint" and refer to the case number 1:16-cv-01425-EPG; and

\\\
\\\
\\\

5. <u>If Plaintiff fails to file an amended complaint within 30 days of the date of service of this order the Court will dismiss Plaintiff's case for failure to state a claim and failure to comply with a Court order</u>.

IT IS SO ORDERED.

Dated:     **March 20, 2017**                          /s/ *Erica P. Grosjean*
                                                                UNITED STATES MAGISTRATE JUDGE