UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES FORD,<br><br>        Plaintiff,<br><br>    v.<br><br>AVENAL STATE PRISON, et al.,<br><br>        Defendants. | 1:16-cv-01425-EPG (PC)<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM<br>(ECF NO. 7)<br><br>ORDER THAT DISMISSAL IS SUBJECT TO 28 U.S.C. § 1915(g)<br><br>ORDER FOR CLERK TO CLOSE CASE |

Charles Ford ("Plaintiff") is a prisoner proceeding *pro se* and *in forma pauperis* with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the complaint commencing this action on September 26, 2016. (ECF No. 1). On March 21, 2017, the Court dismissed the complaint with leave to amend, and explained relevant legal principles. (ECF No. 6). Plaintiff filed his First Amended Complaint on April 13, 2017, (ECF No. 7), which is before this Court for screening.[1]

Plaintiff's First Amended Complaint alleges that Plaintiff contracted Valley Fever at Avenal State Prison. Plaintiff alleges that when he initially alerted medical staff, they did not believe that he was sick.

The Court finds that Plaintiff's First Amended Complaint fails to state a federal cause of action for violation of the United States Constitution. The relevant legal standard requires facts that could establish deliberate indifference to Plaintiff's serious medical needs. Plaintiff

---

[1] On October 3, 2016, Plaintiff consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c) (ECF No. 5), and no other parties have made an appearance. Therefore, pursuant to Appendix A(k)(4) of the Local Rules of the Eastern District of California, the undersigned shall conduct any and all proceedings in the case until such time as reassignment to a District Judge is required. Local Rule Appendix A(k)(3).

1

instead alleges that medical staff wrongly came to the conclusion that he did not need care. While these facts may establish a state law claim for medical malpractice, they do not establish a violation of the United States Constitution. Moreover, Plaintiff still has not named a specific defendant who failed to give him the required care.

In light of the legal guidance given in its earlier screening order, the Court will dismiss Plaintiff's First Amended Complaint without leave to amend.

## I. SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The mere possibility of misconduct falls short of meeting this plausibility standard. Id. at 679. While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Additionally, a plaintiff's legal conclusions are not accepted as true. Iqbal, 556 U.S. at 678.

Pleadings of *pro se* plaintiffs "must be held to less stringent standards than formal pleadings drafted by lawyers." Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010) (holding that

*pro se* complaints should continue to be liberally construed after <u>Iqbal</u>).

## II. SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT

In 2006, Plaintiff was housed at Avenal State Prison. Plaintiff was exposed to, and contracted, the Valley Fever virus.

Plaintiff immediately contacted prison staff, along with numerous amounts of written and verbal requests to medical personnel. Plaintiff suffered from Valley Fever symptoms, such a trouble breathing, chronic back pain, bone joint weakness, and trouble standing. Eventually, Plaintiff's condition became life threatening.

A week after exhausting all of his remedies for medical relief, the first watch correctional officer noticed Plaintiff's condition and called for an emergency medical transportation unit. Before performing any tests, the medical personnel stated that Plaintiff was not sick and refused to transport Plaintiff to the hospital medical unit.

After walking to the medical center, the doctor diagnosed Plaintiff with Valley Fever and called for an immediate medical transportation unit. Plaintiff was then transferred to Coalinga Regional Medical Center.

## III. COURT'S PRIOR SCREENING ORDER

Plaintiff made similar allegations in his original complaint. The Court dismissed that complaint with leave to amend. The Court set forth the legal standards for various claims, including deliberate indifference to serious medical needs in violation of the Eighth Amendment, equal protection under the Fourteenth Amendment, and unconstitutional conditions of confinement in violation of the Eighth Amendment.

Regarding Plaintiff's claims in the original complaint, the Court dismissed the claims with leave to amend, stating the following:

> Plaintiff does not describe how any particular defendant was deliberately indifferent to his serious medical needs. In fact, Plaintiff alleges that he received treatment. Additionally, as to the medical staff (none of whom were named as defendants), Plaintiff appears to allege that they did not believe that Plaintiff had a serious medical need (Plaintiff alleges that the medical facilitators thought the inmates were "over complaining," and that they did not realize that "a very contagious disease was in effect"). If the medical facilitators did not

3

know that Plaintiff had a serious medical need, then under the standards laid out above, they could not have been deliberately indifferent to Plaintiff's serious medical needs.

Accordingly, Plaintiff has failed to state a claim for deliberate indifference to serious medical needs in violation of the Eighth Amendment. If Plaintiff chooses to amend his complaint, he needs to name specific persons he contends were deliberately indifferent to his serious medical needs. As to each of those defendants, he needs to allege what they knew and what they did or failed to do to address his medical needs.

. . .

Plaintiff does not describe how any particular defendant was responsible for subjecting Plaintiff to unconstitutional conditions of confinement. Accordingly, Plaintiff has failed to state a claim for violation of the Eighth Amendment based on conditions of confinement. If Plaintiff chooses to amend his complaint, Plaintiff needs to name as defendants the individuals who were responsible for subjecting Plaintiff to unconstitutional conditions of confinement. He also needs to allege facts showing how *each* defendant was responsible for the constitutional violation. For example, Plaintiff should explain who was responsible for the decision to send him to Avenal, who was responsible for the decision to keep him at Avenal, who had the authority to transfer Plaintiff from Avenal, what each defendant knew regarding Plaintiff's situation, and what each defendant knew regarding the dangers of Valley Fever.

. . .

Plaintiff failed to allege facts demonstrating compliance with California's Government Claims Act, and therefore fails to state a tort claim under state law.

(ECF No. 6).

## IV. ANALYSIS OF PLAINTIFF'S CLAIMS

### A. Legal Standards

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party

4

injured in an action at law, suit in equity, or other proper proceeding for redress....

42 U.S.C. § 1983. "[Section] 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Graham v. Connor, 490 U.S. 386, 393-94 (1989) (quoting Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979)); see also Chapman v. Houston Welfare Rights Org., 441 U.S. 600, 618 (1979); Hall v. City of Los Angeles, 697 F.3d 1059, 1068 (9th Cir. 2012); Crowley v. Nevada, 678 F.3d 730, 734 (9th Cir. 2012); Anderson v. Warner, 451 F.3d 1063, 1067 (9th Cir. 2006).

To state a claim under section 1983, a plaintiff must allege that (1) the defendant acted under color of state law, and (2) the defendant deprived him of rights secured by the Constitution or federal law. Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); see also Marsh v. Cnty. of San Diego, 680 F.3d 1148, 1158 (9th Cir. 2012) (discussing "under color of state law"). A person deprives another of a constitutional right, "within the meaning of § 1983, 'if he does an affirmative act, participates in another's affirmative act, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'" Preschooler II v. Clark Cnty. Sch. Bd. of Trs., 479 F.3d 1175, 1183 (9th Cir. 2007) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Preschooler II, 479 F.3d at 1183 (quoting Johnson, 588 F.2d at 743). This standard of causation "closely resembles the standard 'foreseeability' formulation of proximate cause." Arnold v. Int'l Bus. Mach. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981); see also Harper v. City of Los Angeles, 533 F.3d 1010, 1026 (9th Cir. 2008).

Supervisory personnel are generally not liable under section 1983 for the actions of their employees under a theory of *respondeat superior* and, therefore, when a named defendant holds a supervisory position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941

(1979).  To state a claim for relief under section 1983 based on a theory of supervisory liability, Plaintiff must allege some facts that would support a claim that the supervisory defendants either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'"  Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).  For instance, a supervisor may be liable for his "own culpable action or inaction in the training, supervision, or control of his subordinates," "his acquiescence in the constitutional deprivations of which the complaint is made," or "conduct that showed a reckless or callous indifference to the rights of others."  Larez v. City of Los Angeles, 946 F.2d 630, 646 (9th Cir. 1991) (internal citations, quotation marks, and alterations omitted).

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'"  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006), (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  This requires a plaintiff to show (1) "a 'serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Id. (quoting McGuckin v. Smith, 974 F.2d 1050, 1059-60 (9th Cir. 1992) (citation and internal quotations marks omitted), overruled on other grounds WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997) (en banc)).

Deliberate indifference is established only where the defendant *subjectively* "knows of and disregards an *excessive risk* to inmate health and safety."  Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (emphasis added) (citation and internal quotation marks omitted).

Deliberate indifference can be established "by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Jett, 439 F.3d at 1096 (citation omitted).  Civil recklessness (failure "to act in the face of an unjustifiably high risk of harm that is either known or so obvious that it should be known") is

insufficient to establish an Eighth Amendment violation. <u>Farmer v. Brennan</u>, 511 U.S. 825, 836-37 & n.5 (1994) (citations omitted).

A difference of opinion between an inmate and prison medical personnel—or between medical professionals—regarding appropriate medical diagnosis and treatment is not enough to establish a deliberate indifference claim. <u>Sanchez v. Vild</u>, 891 F.2d 240, 242 (9th Cir. 1989); <u>Toguchi</u>, 391 F.3d at 1058. Additionally, "a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." <u>Estelle</u>, 429 U.S. at 106.

### B. Application to Plaintiff's First Amended Complaint

Plaintiff's complaint fails to state a claim under these legal standards for the same reason as his original complaint—he does not allege that any specific person subjectively knew of his health issues and yet disregarded an excessive risk to his health and safety. Plaintiff alleges that he requested medical treatment and was denied care for some period of time (he eventually received care) because prison staff did not believe he needed such care. It is possible this is sufficient to establish a state law claim for medical malpractice, but that claim is not properly before this Court without a viable federal claim, 28 U.S.C. §§ 1332, 1367, and without showing compliance with California's Government Claims Act. A violation of the Eighth Amendment requires more than prison officials temporarily denying care because they did not believe that Plaintiff needed care. Prison officials must have known that Plaintiff required care and have failed to provide it.

Plaintiff also has not named an individual who knew that Plaintiff required care yet refused to provide it. As the Court's prior order explained, Plaintiff cannot simply sue supervisors for a failure of medical staff to properly treat him. Plaintiff has still named supervisory defendants only, namely the Warden and Head of Medical at Avenal State Prison.

Thus, while Plaintiff has alleged that he was delayed treatment because prison staff did not believe he was sick, he has not established a violation of the Eighth Amendment based on the legal standards set forth above.

**V.     CONCLUSION**

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted. The Court previously granted Plaintiff leave to amend his complaint, with ample guidance provided by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted. Therefore, the Court also finds that the deficiencies outlined above are not capable of being cured by further amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, IT IS HEREBY ORDERED that:

1. Pursuant to 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e), this action is DISMISSED, based on Plaintiff's failure to state a claim upon which relief may be granted;
2. Plaintiff's section 1983 claims are dismissed with prejudice;
3. Plaintiff's state law claims are dismissed without prejudice;
4. This dismissal is subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). Coleman v. Tollefson, 135 S. Ct. 1759, 1763 (2015); and
5. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   **May 11, 2017**                                    /s/ Erica P. Grosjean
                                                             UNITED STATES MAGISTRATE JUDGE